UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MYRON TODD,                              )
                                         )
                    Plaintiff,           )
                                         )          CAUSE NO. 3:17-CV-381 JD
            vs.                          )
                                         )
OFFICER ANDREW, *et. al.*,               )
                                         )
                    Defendants.          )

OPINION AND ORDER

Myron Todd, a *pro se* prisoner, filed a vague amended complaint against three

officers at the Westville Correctional Facility (Westville). "A document filed pro se is to

be liberally construed, and a pro se complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

According to Todd, Officers Andrew, Miller and Bein used excessive force

against him at Westville a "long time ago." ECF 10 at 1. Though not entirely clear, Todd

seems to allege that this incident happened four years ago. ECF 10 at 2. If so, this claim

is barred by the statute of limitations because "Indiana's two-year statute of limitations .

. . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."

*Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Since the complaint appears to be untimely, it does not state a plausible claim. However, because Todd has omitted the relevant date, it is possible that he might be able to state a claim. Therefore, he will be granted an opportunity to file an amended complaint to provide the approximate date (month and year) of when the alleged excessive force occurred. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he decides to file an amended complaint, he needs to get a **Prisoner Complaint (INND Rev. 8/16)** form from his prison library and put this cause number on it. In addition to

clarifying when this alleged excessive force occurred, Mr. Todd is invited to further

explain what transpired between him and these officials that led to their use of force.

For these reasons, the Court:

(1) GRANTS Myron Todd to and including March 19, 2018, to file another

amended complaint; and

(2) CAUTIONS Myron Todd that if he does not respond by the above deadline,

this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint

does not state a claim upon which relief can be granted.

SO ORDERED on February 21, 2018.

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court